**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

SAINT GRIFFIN,

        Petitioner,

v.                                      Case No. 5:19-cv-00733

DAVID L. YOUNG, Warden,
FCI Beckley,

        Respondent.


**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Saint Griffin's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss (ECF No. 12).  This matter is assigned to the Honorable Frank W. Volk, United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss and **DISMISS** Petitioner's § 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

**PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM**

**A.    Petitioner's conviction and prior post-conviction filings.**

In 2005, a four-count indictment was filed against Petitioner in the United States District Court for the Eastern District of North Carolina.  *United States v. Griffin*, No.

5:05-cr-281-1F2.  (ECF No. 12, Ex. 1).  On March 8, 2006, Petitioner pled guilty, pursuant to a written plea agreement, to Counts Three and Four which respectively alleged violations of 18 U.S.C. § 924(c) and 18 U.S.C. § 922(g)(1).  (*Id.*, Ex. 2).  As noted in the United States' Response to Defendant's Sentencing Memorandum filed in his criminal case, Petitioner was designated as a career offender and he sought a downward departure on the basis that such enhancement over-represented his criminal history, which included two prior felony convictions for discharging a weapon into occupied property (for which he received a five-year term of probation that was subsequently revoked) and involuntary manslaughter (pled down from first degree murder, for which he received an eight-year term of imprisonment).  (*Id.*, Ex. 3 at 3-4, 8).

 On August 10, 2006, Petitioner was sentenced to a 262-month term of imprisonment (consisting of 142 months on Count Three and a consecutive term of 120 months on Count Four).  (*Id.*, Ex. 4).  Petitioner did not file a direct appeal.

However, on or about June 22, 2012, he filed a motion pursuant to 28 U.S.C. § 2255 challenging his career offender enhancement.  *Griffin v. United States*, No. 5:12-cv-380-F.  (*Id.*, Ex. 5).  The § 2255 motion was dismissed by the sentencing court as untimely on June 28, 2012.  (*Id.*, Ex. 6).  Petitioner appealed the dismissal of the § 2255 motion and the district court's subsequent order denying reconsideration.  The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal on May 29, 2013.  *United States v. Griffin*, No. 13-6134 (4th Cir. May 29, 2013).  (*Id.*, Ex. 7).

On June 23, 2016, Petitioner, by counsel, filed a second § 2255 motion challenging his career offender enhancement based upon the Supreme Court's decision

in *Johnson v. United States*, 125 S. Ct. 2551 (2015).  (*Id.*, Ex. 8).  However, his counsel subsequently filed a notice of voluntary dismissal of that motion.  (*Id.*, Ex. 9).

> **B.**    **The instant petition for writ of habeas corpus.**

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 via the "savings clause" of 28 U.S.C. § 2255(e).  He contends that the Supreme Court's interpretation of 18 U.S.C. § 922(g)(1) in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), "establishes that the record in this case is inadequate to sustain his 922(g) conviction."  (ECF No. 2 at 1). Specifically, Petitioner contends that the government failed to prove the essential elements of his § 922(g) offense because his plea agreement and guilty plea did not address the element that he knew of his prohibited status (*i.e.*, that he was a felon) when he possessed the firearms and ammunition and, thus, he is "actually innocent" of his conviction.

As ordered by the court, on August 7, 2020, Respondent filed a response to the petition (ECF No. 12), asserting that Petitioner cannot meet the criteria for review under the savings clause and, therefore, this court lacks jurisdiction to consider his claim under § 2241.  Petitioner filed a reply on November 23, 2020.  (ECF No. 17).  The matter is ripe for adjudication.

<u>ANALYSIS</u>

Petitioner's claim challenges the validity of his conviction, not the execution of his sentence.  Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction.  Petitioner previously filed an untimely § 2255 motion.  Thus, he would likely be procedurally barred from filing another § 2255 motion unless he can meet certain limited criteria.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332. Thus, the denial of Petitioner's prior § 2255 motion, standing alone, will not permit this court to review his claim under § 2241.

Accordingly, for Petitioner to pursue such relief under § 2241, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed <u>such that the conduct of which the petitioner was convicted is</u>

<u>deemed not to be criminal</u>; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-334 (emphasis added).  If Petitioner cannot satisfy all of these factors, the court lacks jurisdiction to consider his claim under § 2241.  *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018).

In interpreting the phrase "this circuit," the Fourth Circuit has held that it is the law of the circuit court in which Petitioner was convicted and sentenced that controls.  *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.")  Here, because Petitioner was convicted in the Eastern District of North Carolina and is incarcerated in the Southern District of West Virginia, Fourth Circuit procedural and substantive law apply to his claim.

Petitioner contends that the Supreme Court's decision in *Rehaif* is a new interpretation of statutory law, decided after his opportunity to file a direct appeal and a timely § 2255, which rendered him actually innocent of a § 922(g)(1) offense.  Therefore, he contends that § 2255 is inadequate and ineffective to test the legality of his detention, permitting review under § 2241.

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.  Petitioner argues that "because the interpretation in *Rehaif* has the effect of requiring proof of an element that was previously thought not required, the holding establishes that the current conduct on the

record is noncriminal under the § 922(g) statute." (ECF No. 2 at 4). He asserts that "the status element 'separates wrongful acts from innocent acts'" and, therefore, "a record that fails to contain the status element fails to bear out the offense that is implicated by § 922(g)." (*Id.* at 5).

Petitioner further contends that based on the record in his case, the government and the court failed to solicit his admission to the *mens rea* element with regard to his status which, he contends, establishes his actual innocence of a § 922(g) offense. (*Id.* at 5-6). He suggests that because the parties to his criminal case were operating from a pre-*Rehaif* interpretation of the elements, he was "prohibited from mounting a defense to the very charge in which he plead guilty." (*Id.* at 6-7). He speculates that, due to the age of his prior convictions (which he does acknowledge), and the fact that he had been called to jury duty and stricken for being the sole income provider in his household, rather than being a felon, he could have believed that he was no longer of prohibited status. He further suggests that his reason for pleading guilty was "nullified by the *Rehaif* decision which . . . informed [him] that a viable defense was available." (*Id.* at 7-8).

Respondent, on the other hand, asserts that Petitioner cannot demonstrate that *Rehaif* rendered his conduct "non-criminal" because, as found by many courts within the Fourth Circuit who have address the issue, "possession of a firearm by a prohibited person is still a violation of the law" and Petitioner was, as admitted through his guilty plea, a felon who possessed a firearm and ammunition. (ECF No. 12 at 4). Consequently, Respondent maintains that Petitioner cannot satisfy the second prong of

*Jones* and, therefore, this court lacks jurisdiction over his § 2241 petition. (ECF No. 12 at 4-5).

Petitioner's reply repeats his arguments from his initial brief and further attempts to compare his case to the facts of *Jones* in which the Court wrestled with the Supreme Court's new interpretation of 18 U.S.C. § 924(c)'s element of using and carrying a firearm during a crime of violence or a drug trafficking crime. The Supreme Court had determined that simple possession of a firearm would not satisfy the element of "using" or "carrying" and, thus, would not be conduct that would render one guilty of a § 924(c) offense. Petitioner argues that the *Jones* court did not make a finding that § 924(c) was no longer a crime, but, rather, only found that the petitioner's conduct did not meet the definition of that specific element, which separates wrongful conduct from innocent conduct. Petitioner contends that a similar finding should be made here concerning the new interpretation of the *mens rea* element of § 922(g) offenses. (ECF No. 17 at 4-8).

Petitioner must meet all three of the criteria set forth in *Jones*. 226 F.3d at 333-34. His claim clearly satisfies the first and third prongs. First, settled law at the time of his conviction established the legality of his conviction and sentence. *See United States v. Lockhart,* 947 F.3d 187, 196 (4th Cir. 2020) ("The Court's holding in *Rehaif* abrogated the prior precedent of this Circuit, which did not require proof of a defendant's knowledge that he belonged to the relevant category."); *see also United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995).

Furthermore, *Rehaif* was a decision of statutory interpretation, not constitutional law. Thus, Petitioner cannot satisfy the gatekeeping provisions to raise this claim in a §

2255 motion. *See Khamisi-El v. United States,* 800 F. App'x 344, 349 (6th Cir. 2020) (*Rehaif* did not announce a new rule of constitutional law); *In re Wright*, 942 F.3d 1063, 1064-65 (11th Cir. 2019) (per curiam) ("*Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2).") (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam)).

However, since *Rehaif* was decided, a number of courts within the Fourth Circuit have held that substantive law has not changed if the conduct for which the petitioner was convicted is still illegal and, clearly, being a felon in possession of a firearm is still a valid criminal offense and Petitioner had admitted to that conduct. *See, e.g., Harbin v. Streeval,* No. 7:20-cv-00012, 2021 WL 137843, at *3 (W.D. Va. Jan. 14, 2021) (finding that *Rehaif* claim did not meet the second criteria of *Jones*); *Bailey v. Warden*, No. 7:20-cv-00284, 2021 WL 138855, at *2 (W.D. Va. Jan. 14, 2021) (same); *Williams v. Hudgins*, No. 5:20-cv-119, 2020 WL 7054244, at *3 (N.D.W. Va. Dec. 2, 2020) (*Rehaif* did not change the substantive law for purposes of the second prong of *Jones* because the conduct for which petitioner was convicted is still illegal); *Thomas v. Dobbs*, No. 0:20-cv-680-HMH-PJG, 2020 WL 1930612, at *2 (D.S.C. Mar. 30, 2020), *report and recommendation adopted*, 2020 WL 1922903 (D.S.C. Apr. 20, 2020) (finding that "Rehaif did not retroactively deem the conduct to which Petitioner pled guilty-- possession of a firearm while a felon--to be non-criminal conduct" and collecting district court cases in the Fourth Circuit finding § 2241 petitioners could not meet the second element of the *In re Jones* test based on *Rehaif*); *Kerr v. Ormond*, No. 6:19-cv-170- REW, 2020 WL 7028706, at *3 (E.D. Ky. Nov. 30, 2020) (denying § 2241 petition based

upon *Rehaif* and finding that stipulation to or admission of a prior felony permits inference of knowledge of prohibited status and forecloses actual innocence claim).[1]  In the absence of contrary precedent from the Fourth Circuit or the Supreme Court addressing such claims on collateral review, this court should find no basis to deviate from the sound reasoning of our sister courts.  *See also Allen v. Dobbs*, No. 20-6471 (4th Cir. Aug. 10, 2021) (unpublished) (per curiam) (affirming dismissal of a § 2241 petition raising *Rehaif* claim under the savings clause based upon the Supreme Court's decision in *Greer*).

Moreover, as here, where Petitioner pled guilty to the charge, he has the burden of showing that, had he been correctly advised of the *mens rea* element of the offense, there is a "reasonable probability" that he would not have pled guilty.  *Greer*, 141 S. Ct. at 2097.  The *Greer* majority further noted:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb . . . based on an argument that he did not know he was a felon.  The reason is simple:  If a person is a felon, he ordinarily knows he is a felon.  "Felony status is simply not the kind of thing that one forgets." [*United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020)] (Wilkinson, J., concurring in denial of reh'g en banc) . . . A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden . . . of showing a "reasonable

---

1 Based upon the undersigned's review of relevant authority, neither the Fourth Circuit, nor the Supreme Court, has addressed the application of *Rehaif* on collateral review under the savings clause in a published opinion.  However, in *Greer v. United States*, 141 S. Ct. 2090, 2093 (2021), the Supreme Court reversed a Fourth Circuit decision finding, on direct review, that the failure to inform a defendant that the government was required to prove that he knew he belonged to class of persons prohibited from possessing a firearm was structural error.  Rather, the Supreme Court held that, "in felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."  *Id.* at 2100.

probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Id.* Although *Greer* and *Gray* were decided on direct review, to succeed with his claim on collateral review, Petitioner must similarly demonstrate that, but for the failure to advise him of the *mens rea* requirement of knowledge of his status as a felon at the time of possession, he would not have pled guilty and would have insisted on going to trial, which he does no more than speculate about here.

Petitioner pled guilty to a § 922(g)(1) offense and thereby acknowledged his prohibited status at the time he possessed the firearms and ammunition. Therefore, he cannot satisfy the second prong of *Jones* because the conduct to which he pled guilty is still criminal and he acknowledged his status as a felon through his guilty plea. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, because Petitioner cannot satisfy all of the *Jones* criteria, he has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his detention. Therefore, his claim is not proper for consideration under 28 U.S.C. § 2241 and he is not entitled to habeas corpus relief on his *Rehaif* claim in this court.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (ECF No. 12) and **DISMISS** Petitioner's § 2241 petition (ECF No. 2) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States

10

District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on the opposing party and Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

August 12, 2021

Dwane L. Tinsley
United States Magistrate Judge

11